UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No.: 2:19-cv-01597-GW-MAA           Date: April 19, 2019

Title: Dotson v. Milusinic

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Cheryl Wynn | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**     Order to Show Cause Why This Action Should Not Be Dismissed for Lack of Jurisdiction

On February 24, 2019, Petitioner Lafayette N. Dotson, a federal inmate currently incarcerated at the United States Penitentiary in Victorville, constructively filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ("Petition," ECF No. 1.) With his Petition, Petitioner filed a document entitled "Dotson Moves for Relief from a Void Judegment [sic] under 28 U.S.C.S. § 2241 Habeas Corpus." ("Motion," ECF No. 2.) In the Petition and the Motion, Petitioner challenges a conviction and sentence he sustained over two decades ago in the United States District Court for the Eastern District of Virginia for first-degree murder and assault with a deadly weapon. (*See* Petition at 2; Motion at 1.) The Petition alleges one ground for relief: the judgment of conviction of the Eastern District of Virginia is void because that court lacked jurisdiction to adjudicate the alleged crimes. (*See* Petition at 3; Motion at 3.) Setting aside whether the claim for relief has merit, the Court *sua sponte* examines whether this United States District Court for the Central District of California has jurisdiction to entertain the Petition and Motion.

"[I]n order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to [28 U.S.C. § 2241] or [28 U.S.C. § 2255] before proceeding to any other issue." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Id.* at 864-65. Section 2255 generally "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). There is one notable exception to this general rule: pursuant to Section § 2255(e), often referred to as the "escape hatch" or "savings clause," a petitioner may challenge the legality of his sentence in a Section 2241 petition in the custodial court

if "his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Hernandez*, 204 F.3d at 865 (quoting 28 U.S.C. § 2255(e)); *see also Lorentsen*, 223 F.3d at 953 (referring to Section 2255(e) as an "escape hatch"). A petitioner may utilize the savings clause if (1) the petitioner presents a claim of actual innocence, and (2) the petitioner has not had an unobstructed procedural shot at presenting that claim." *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012).

      Here, it appears that the Petition and Motion challenge the legality of Petitioner's detention insofar as they assert that the Eastern District of Virginia lacked jurisdiction to hear, try, convict, and sentence Petitioner. (*See* Petition at 3; Motion at 1-3.) *First*, Petitioner does not seem to challenge "the manner, location, or conditions" of the execution of his sentence. *Hernandez*, 204 F.3d at 865. Indeed, Petitioner appears to bring a claim squarely within the province of Section 2255, which expressly states that it is the vehicle by which a prisoner may move a sentencing court "to vacate, set aside or correct the sentence" "upon the ground that . . . the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). *Second*, the savings clause does not appear to apply to the Petition and Motion. Petitioner does not argue that his Section 2255 remedies are inadequate or ineffective, Petitioner does not bring a claim of actual innocence, and nothing indicates that Petitioner has not had an unobstructed procedural shot at presenting such an actual innocence claim. Therefore, the Petition and Motion apparently cannot utilize either avenue available to Petitioner to bring a Section 2241 action in this district. *Cf. Chandler v. Quintana*, No. CV 10-193-CAS (AGR), 2010 U.S. Dist. LEXIS 85830, at *6-9, 2010 WL 3294281, at *2-3 (C.D. Cal. July 14, 2010) (rejecting claim that sentencing court lacked subject-matter jurisdiction because petitioner could not establish the custodial court had jurisdiction pursuant to Section 2241), *adopted*, 2010 U.S. Dist. LEXIS 85815, 2010 WL 3294279 (C.D. Cal. Aug. 13, 2010) (dismissing petition without prejudice for lack of jurisdiction).

      Petitioner argues in his Motion that Section 2241 applies and is the appropriate vehicle for his jurisdictional claim. (*See* Motion at 2-3.) But the authority Petitioner cites for this proposition pertains to a motion pursuant to Federal Rule of Civil Procedure 60(b) by a prisoner in state custody seeking relief from a judgment in a habeas matter the prisoner previously brought pursuant to 28 U.S.C. § 2254. *See Gonzalez v. Crosby*, 545 U.S. 524, 526 (2005); *see also id.* at 534 ("[Federal Rule of Civil Procedure 60(b)] preserves parties' opportunity to obtain vacatur of a judgment that is void for lack of subject-matter jurisdiction—a consideration just as valid in habeas cases as in any other . . . ."). To the extent Petitioner seeks relief from the sentence on the basis that the sentencing court lacked jurisdiction, Section 2255 is an appropriate vehicle. *See* 28 U.S.C. § 2255(a).

In sum, because the Petition and Motion collaterally attack the underlying sentence, the Petition must proceed pursuant to Section 2255 unless Petitioner can demonstrate that his action may be brought pursuant to the savings clause.  Should the Court construe the action as one brought pursuant to Section 2255, this custodial court would lack jurisdiction to hear the matter because a Section 2255 petition must be brought in the jurisdiction of the sentencing court.  *See Hernandez*, 204 F.3d at 865.

Accordingly, Petitioner is **ORDERED TO SHOW CAUSE** why this action should not be dismissed for lack of jurisdiction.  Within **twenty-one (21) days** after service of this Order, Petitioner shall file a written response electing one of the following three options:

(1) <u>Notice of Dismissal</u>.  If Petitioner wishes to withdraw his Petition, he may dismiss this action without prejudice voluntarily pursuant to Federal Rule of Civil Procedure 41(a)(1).  Petitioner may choose this option if he intends to file a petition pursuant to Section 2255 or a motion pursuant to Federal Rule of Civil Procedure 60(b) in the sentencing court, the United States District Court for the Eastern District of Virginia.  However, the Court advises Petitioner that if he later attempts to raise his dismissed claims in a subsequent habeas petition or Section 2255 motions, his claims may be subject to a limitations period.  Moreover, should Petitioner attempt to file a second petition bringing these claims, the petition may be rejected as successive.  **The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.**

(2) <u>Consent to Recharacterization</u>.  If Petitioner consents to the recharacterization of his Petition and Motion as a motion pursuant to Section 2255, he should file a written notice of consent to recharacterization.  He also may address any other issues raised herein pertaining to this recharacterization, including whether the action should be (a) dismissed for lack of jurisdiction or (b) transferred to the Eastern District of Virginia.

(3) <u>Response to Order to Show Cause</u>.  If Petitioner contends that his action is in fact a petition properly filed pursuant to Section 2241—either because it challenges the manner, location, or conditions of the execution of his sentence or because it is subject to the savings clause of Section 2255(e)—he should explain this clearly in a written response to this Order to Show Cause.  Petitioner may address whether the action is a second or successive Section

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:19-cv-01597-GW-MAA                              Date: April 19, 2019

Title:    Dotson v. Milusinic

2255 motion and whether the action is time-barred. Petitioner should attach copies of any documents that support his position.

**Petitioner is expressly cautioned that failure to respond to this Order to Show Cause will result in a recommendation that the Petition be summarily dismissed without prejudice for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b), and for lack of jurisdiction pursuant to 28 U.S.C. § 2255.**

It is so ordered.